Filed 10/29/20  P. v. Pelton CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H046957 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 217248) |
| v. | |
| SEAN MICHAEL PELTON, | |
| Defendant and Appellant. | |

## I.     INTRODUCTION

Defendant appeals after pleading no contest to three counts of grand theft (Pen. Code, § 487, subd. (a))[1] and four counts of vandalism (§ 594, subd. (b)(1)) and admitting six prior prison term allegations (§ 667.5, subd. (b)).  The trial court struck one of the prior prison term enhancements at the prosecution's request, struck the punishment for the remaining five prior prison term enhancements, and sentenced defendant to three years in county jail pursuant to section 1170, subdivision (h).

Defendant contends that although the trial court struck the punishment for the prior prison term enhancements, the enhancements must be stricken pursuant to Senate Bill No. 136.  Defendant further contends that the sentencing minutes and the abstract of judgment must be corrected to unambiguously reflect the trial court's waiver of various

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

fines and fees based on defendant's inability to pay.  The Attorney General concedes both claims, and we concur.

Accordingly, we will strike the five prior prison term enhancements, direct the trial court to correct the sentencing minutes and the abstract of judgment, and affirm the judgment as modified.[2]

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *Factual Background*[3]

Between January 3, 2018 and February 2, 2018, defendant stole approximately 43 catalytic converters from AT&T fleet vehicles parked on corporate lots in Santa Clara, Mountain View, and Sunnyvale.  The catalytic converters were worth approximately $2,000 each.

### B.    *Charges, Plea, and Sentence*

An indictment charged defendant with three counts of grand theft (§ 487, subd. (a)), four counts of vandalism (§ 594, subd. (b)(1)), and one count of misdemeanor theft (§ 487, subd. (a)).  The indictment also alleged that defendant had served nine prior prison terms (§ 667.5, subd. (b)).

On February 8, 2019, defendant pleaded no contest to the felony charges and admitted six of the prior prison term allegations.

At sentencing on April 12, 2019, the trial court struck one of the prior prison term enhancements at the prosecution's request.  The court struck the punishment for the remaining five prior prison term enhancements and sentenced defendant to three years in

---

[2] Defendant also filed a "petition to vacate a judgment pursuant to Penal Code section 1473.6," which we have considered with his appeal.  (Some capitalization omitted.)  We have disposed of the petition by separate order issued this day.

[3] Because the facts are not relevant to the issues on appeal, we briefly summarize the facts as stated in the probation report.

county jail pursuant to section 1170, subdivision (h).  The court ordered victim restitution in the amount of $64,137.53.

## III.  DISCUSSION

### A. *Prior Prison Term Enhancements*

Senate Bill No. 136, effective January 1, 2020, amended the prior prison term sentence enhancement under section 667.5, subdivision (b) by limiting its application to prison terms that, unlike defendant's, were served for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).  (Stats. 2019, ch. 590, § 1.)  The parties agree that the amendment applies retroactively to defendant, and we concur.  (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)  We will therefore order the five prior prison term enhancements under section 667.5, subdivision (b) stricken.  Defendant's sentence remains unchanged because the trial court struck the punishment for the enhancements at sentencing pursuant to section 1385.

### B. *Corrections to the Sentencing Minutes and the Abstract of Judgment*

The trial court waived a $280 court security fee (§ 1465.8), a $259.50 criminal justice administrative fee (Gov. Code, §§ 29550, 29550.1, 29550.2), a $210 criminal conviction assessment (Gov. Code, § 70373), and a $10 grand theft fine (§ 1202.5), presumably based on defendant's representations regarding his inability to pay.  The parties agree that the sentencing minutes and the abstract of judgment are ambiguous regarding the court's waiver of the fees, assessment, and fine.

The sentencing minutes appear on a preprinted form that has a section for "fines/fees" where acronyms for various fees, assessments, and fines are listed. (Capitalization omitted.)  Each of the monetary amounts waived by the trial court and enumerated above is handwritten next to the pertinent fee, assessment, or fine.  A

3

separate notation appears on a different part of the form stating, "fines/fees [unintelligible] waived/stayed purs to *Duenas*."**4**

Similarly, the fees, assessment, and fine waived by the trial court are listed on the abstract of judgment in a section entitled, "Financial obligations." (Some capitalization omitted.) In a section entitled, "Other orders," the abstract states, "Fines/fees wvd stayed purs *Duenas*."

We agree with the parties that the sentencing minutes and the abstract of judgment are ambiguous regarding the trial court's waiver of the court security fee, the criminal justice administrative fee, the criminal conviction assessment, and the grand theft fine. Accordingly, we will order the sentencing minutes and the abstract of judgment corrected to reflect that the trial court did not impose the fees, assessment, or fine.

## IV.    DISPOSITION

The judgment is modified to reflect that the five prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) are stricken. As so modified, the judgment is affirmed.

The trial court shall strike the amounts listed on the sentencing minutes pertaining to the court security fee (Pen. Code, § 1465.8), the criminal justice administrative fee (Gov. Code, §§ 29550, 29550.1, 29550.2), the criminal conviction assessment (Gov. Code, § 70373), and the grand theft fine (Pen. Code, § 1202.5) to reflect that the court did not impose the fees, assessment, or fine. The court shall further strike the notation on the sentencing minutes stating, "fines/fees [unintelligible] waived/stayed purs to *Duenas*."

The trial court shall prepare an amended abstract of judgment reflecting that the five prior prison term enhancements (Pen. Code, § 667.5, subd.(b)) have been stricken. In addition, the court shall strike the amounts listed in section 9 of the abstract of judgment for the court security fee (Pen. Code, § 1465.8), the criminal justice

---

**4** *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). *Dueñas* was not mentioned by the parties or the trial court during sentencing.

4

administrative fee (Gov. Code, §§ 29550, 29550.1, 29550.2), the criminal conviction assessment (Gov. Code, § 70373), and the grand theft fine (Pen. Code, § 1202.5) to reflect that the court did not impose the fees, assessment, or fine.  The court shall further strike the language in section 13 of the abstract of judgment stating, "Fines/fees wvd stayed purs *Duenas*."  The court shall send a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.

_____
BAMATTRE-MANOUKIAN, J.




WE CONCUR:






_____
ELIA, ACTING P.J.






_____
DANNER, J.




*People v. Pelton*
**H046957**